UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KALI Z.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C25-6120-MLP

ORDER

## I.      INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends that the administrative law judge ("ALJ") erred in assessing the medical opinion evidence, discounting her allegations, and assessing lay evidence.[1] (Dkt. # 17.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 18.) Plaintiff filed a reply. (Dkt. # 19.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties'

---

[1] Plaintiff also assigns error to the ALJ's assessment of her residual functional capacity ("RFC") and the step-five findings, but in doing so only reiterates arguments made elsewhere. (Dkt. # 17 at 17-18.) Thus, this assignment of error need not be addressed separately.

ORDER - 1

briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).[2]

## II.    BACKGROUND

Plaintiff was born in October 1985, has a high school education, and has worked as a packer. AR at 276, 1345. Plaintiff was last gainfully employed in 2008. *Id.* at 261.

In November 2016, Plaintiff applied for benefits, alleging disability as of June 1, 2009. AR at 1328. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* An ALJ conducted hearings on April 3, 2019, January 5, 2023, and, following a remand from this Court, August 5, 2025, and found Plaintiff not disabled. *Id.* Plaintiff appealed again and, after the parties agreed to error, this Court determined remand for further proceedings was the proper remedy. *Id.* at 946-53, 1328, 1358, 1420-24. After the fourth hearing, a new ALJ issued a decision again finding Plaintiff not disabled. *Id.* at 1328-47.

Using the five-step disability evaluation process,[3] the ALJ found, in pertinent part, Plaintiff has the severe impairments of degenerative disc disease, radiculopathy, shoulder abnormalities, learning disorder, neurocognitive disorder, and personality disorder. AR at 1330. She has the residual functional capacity ("RFC") to perform light work, with additional exertional, environmental, and the following mental limitations: no more than occasional interaction with the general public, a predictable routine, quota-based (for instance at the end of the day or week) rather than production-paced, and no more than occasional changes in routine. *Id.* at 1334.

---

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 5.)

[3] 20 C.F.R. § 416.920.

ORDER - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 8.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

ORDER - 3

## IV.    DISCUSSION

### A.    The ALJ Did Not Harmfully Err at Step Two

Plaintiff argues the ALJ erred in failing to include her post-traumatic stress disorder ("PTSD"), carpel tunnel syndrome, and migraines as severe at step two. (Dkt. # 17 at 3.) Generally, if the ALJ decides in favor of the claimant at step two, as happened in this case, any error at that step is harmless and cannot constitute a basis for remand. *See Buck v. Berryhill*, 860 F.3d 1040, 1048-49 (9th Cir. 2017). To show harmful error from a step two finding made in a claimant's favor, a claimant must show that the omitted impairment warrants a different outcome at later steps in the sequential evaluation process. *See Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005).

The ALJ's finding regarding Plaintiff's PTSD diagnosis is, at best, confusing. *See* AR at 1331 ("claimant's reported ort of trauma and PTSD . . . is severe, in combination with the claimant's other mental impairments. . . . The undersigned therefore concludes that the record provides insufficient evidence to established a medically determinable PTSD, depression, or anxiety impairments." [*sic*]). Nonetheless, as the ALJ considered evidence of Plaintiff's symptoms related to these impairments at the later steps of the sequential process, any error at Step Two regarding her mental impairments is harmless.

Next, the ALJ properly considered evidence of Plaintiff's carpel tunnel syndrome and migraines. It was reasonable for the ALJ to conclude that evidence which showed Plaintiff had normal functioning in her hands, aside from slightly reduced grip strength in her left hand, was not supportive of severe carpel tunnel syndrome. AR at 1331-32; *see also id.* at 1632, 1638-39. Similarly, the ALJ reasonably determined the medical record, which showed failure to follow-up with a referral to headache specialists and improvement with medication, did not support a

history of severe migraines. *Id.* at 1332; *see also id*. at 680, 1663 ("diclofenac has helped the pain significantly- without the medication she gets a severe headache; with it she may have dull pain"). Even if the ALJ erred in this evaluation, as he continued through the next steps of the evaluation any error is harmless.

**B.    The ALJ Erred in Evaluating Medical Evidence**

Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions. Under those regulations, where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*1.    The ALJ Erred in Evaluating the Mental Health Opinions*

Of the eight medical source statements the ALJ discussed, he gave significant weight to the second opinion of consultive examiner Derek Leinenbach, M.D., and reviewer Greg Saue, M.D. He discounted the opinion of all psychiatric examiners, though he gave "great weight" to findings of Oghenekaro Agarin, ARNP, who is not an acceptable medical source under the regulations applicable to this case. *See* 20 C.F.R. § 416.902 (noting a Licensed Advanced Practice Registered Nurse is only an acceptable medical source for claims filed on or after March 27, 2017). "Medical opinions are statements from **acceptable medical sources**[.]" 20 C.F.R. § 416.927(a)(1) (emphasis added). Accordingly, Mr. Agarin's statements could not have been considered medical opinions. The Court considers the remaining mental health opinions in turn.

ORDER - 5

a.    Carla van Dam, Ph.D.

The ALJ failed to correct the error first identified by this Court in 2021. *See* AR at 949-50. Because another doctor did not contradict this examining physician's opinion, the ALJ was required to provide clear and convincing reasons to reject her opinion. *See Lester*, 81 F.3d at 830. He failed to do so.

The ALJ considered Dr. van Dam's 2017 opinion and gave it "very little weight" because, rather than an opinion of Plaintiff's functional limitation, it was "little more than an assertion of disability, which is an issue reserved to the Commissioner." AR at 1341. Dr. van Dam found that Plaintiff would need support and supervision, could not manage work independently based on her performance on the exam, and that she was slow to respond. *Id.* at 600. During the exam, Plaintiff was able to manage required tasks but did so over the allotted time, taking a full minute longer to complete the "Block Design" task. *Id.* at 599. The doctor found unevenness suggestive of the sequelae of a traumatic brain injury. *Id.* In the memory and color trails tests Plaintiff scored under the tenth percentile in all, with her immediate memory in the third percentile, scoring under the first percentile in "color trail one." *Id.* at 599-600. Plaintiff appeared to improve with practice. *Id.*

The only change in reasoning from the original April 2019 ALJ opinion, which this Court remanded for further consideration, was the finding that Plaintiff's activities contradicted Dr. van Dam's opinion. AR at 1341. But all the listed activities are ones the doctor took into account, and the ALJ did not give legally sufficient reason for why his interpretation of the evidence should prevail over the examining doctor's. *Id.* at 600, 1341; *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Nor does the

ORDER - 6

ALJ adequately explain how Plaintiff's ability to care for herself at home and engage in hobbies she learned from her grandfather contradicted the doctor's opinion. *See Reddick*, 157 F.3d at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives[.]"). Plaintiff's ability to maintain adequate attention and concentration for the three-hour exam and be alert and oriented, as this Court already found, is unrelated to the need for supervision or her generally slow response time. *See* AR at 950. As neither Plaintiff's slow response and learning time, nor the limitation to supervised work, are accounted for in the RFC this error is harmful.

b.    Keith Krueger, Ph.D.

The ALJ considered Dr. Krueger's opinion and discounted it because it was rendered three years prior to the relevant period, and he found the limitations were "inadequately supported and inconsistent with the record pertaining to the period at issue in this decision." AR at 1343-44. The Court notes that this language seems to be applying the review standards for medical opinions for applications filed after March 27, 2017, which do not apply to this case.

While the Ninth Circuit has held that "[m]edical opinions that predate the alleged onset of disability are of limited relevance," it has clarified that such limited relevance is particularly true "where disability is allegedly caused by a discrete event." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *see also, e.g., Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012) (concluding that ALJ erred in failing to consider medical opinions from up to six years predating plaintiff's alleged onset date).

Here, the ALJ erroneously conflated the alleged onset date with the date of application. The onset date is the date alleged by the claimant so long as that date is based in fact and is consistent with all evidence. *See* SSR 83-20 (1983). Evidence which predates the application date but postdates the alleged onset date is pertinent to the alleged period of disability. *Pacheco*

ORDER - 7

*v. Berryhill*, 733 Fed. Appx. 356, 360 (9th Cir. 2018); *see also Havens v. Kijakazi*, 2022 WL 2115109, at \*2 (9th Cir. June 13, 2022). The ALJ considered the start of the relevant time period for this case as the date Plaintiff applied for Supplemental Security Income, not the date she is alleging disability began, which she has consistently claimed was June 1, 2009, following a car accident. AR at 238, 923, 1328, 1390. Plaintiff alleges ongoing mental impairments and limitations, of which Dr. Krueger's opinion was instructive, especially considering the dearth of opinions related to mental functioning and health in the record.

The record does not support the ALJ's finding that Dr. Krueger "provided no details of the tasks the claimant was or was not able to perform." AR at 1344; *see also id.* at 371-82. At her exam with Dr. Krueger, Plaintiff's performance on the mental status exam showed overall marginal abstraction, poor understanding of proverbs, marginal judgment and comprehension, poor insight, marginal memory and concentration, and she performed in the fifth percentile on the first trail making test, improving to the twentieth percentile on the second. *Id.* at 375-82. This supported Dr. Kreuger's opinion of moderate limitations in most areas, and marked limitations in Plaintiff's ability to (1) understand, remember, and persist in tasks by following detailed instruction, (2) learn new tasks, and (3) communicate and perform effectively in a work setting. *Id.* at 373. The ALJ does not explain how these limitations are inconsistent with the record pertaining to the relevant period which, as discussed above, he misidentified. *See id.* at 1344. Accordingly, the ALJ erred in evaluating Dr. Krueger's opinion. As these limitations were not incorporated in the RFC, this error was harmful.

ORDER - 8

2.    *The ALJ Erred in Evaluating the Physical Health Opinions*

a.    Trula J. Thompson M.D.

The ALJ considered Dr. Thompson's reviewing opinion, based on a review of Plaintiff's record from treating provider Judy F. Dant, ARNP, and discounted it as issued prior to the relevant period and inconsistent with other opinions in the record. AR at 1341-42. As discussed above, under the regulations applicable to this case an ARNP is not an acceptable medical source, despite ARNP Dant being one of Plaintiff's treating providers. *See id.* at 814; 20 C.F.R. § 416.902. Nonetheless, the ALJ's erroneous assertion that ARNP Dant's report "is not in the record" is in violation of his duty to "consider all evidence in [a claimant's] case record." AR at 760-65 (ARNP Dant's report), 1241; 20 C.F.R. § 416.920(a)(3). Dr. Thompson considered this September 2015 report in reviewing Plaintiff's impairments and found that she was physically limited to sedentary work with marked limitations in her postural and gross fine motor skills. AR at 666-67, 760-65. In discounting Dr. Thompson's opinion, the ALJ also repeated the error of considering the application date as Plaintiff's alleged onset of disability, finding that it was "performed more than a year before the period at issue," when the review is dated over six years after the alleged onset date. *Id.* at 238, 667, 1341. However, the ALJ also discounted Dr. Thompson's opinion as contradicted by Dr. Leinenbach's 2025 examining opinion and evidence in that report, which is supported by the record. *Id.* at 1342. As this was a reasonable basis to discount Dr. Thompson's opinion, the ALJ did not err.

b.    Derek Leinenbach, M.D.

The ALJ considered Dr. Leinenbach's March 2025 examining opinion and gave it "significant weight" but discounted the stooping, reaching, handling, and fingering limitations as insufficiently supported by the medical exams in the record. AR at 1342-43.

ORDER - 9

The ALJ discounted the stooping limitation, because the "record contains no lumbar imaging," and Plaintiff "did not seek treatment for low back pain during the period at issue." AR at 1342. But the record reflects lumbar spine limitations beginning in 2015 (the earliest available records), *id.* at 394, and continuing throughout the record. *See*, *e.g.*, *id.* at 408, 465, 560, 764, 833. Provider records also repeatedly note low back pain as an issue for which Plaintiff sought treatment. *Id.* at 443, 834, 844. The record does not support the ALJ's finding regarding her low back limitations.

Dr. Leinenbach also limited Plaintiff to only frequent left-sided reaching, handling, fingering, and feeling capacity due to her cervical degenerative disc disease with suspected left upper extremity radiculopathy and status post-release carpel tunnel. AR at 1637-41. Dr. Leinenbach's testing showed decreased range of motion in Plaintiff's cervical and lumbar spine. *Id.* at 1639. The ALJ states that the medical exam conducted by Dr. Leinenbach does not support his findings but fails to explain why his interpretation of this evidence should be credited over that of the doctor. *See Reddick*, 157 F.3d at 725. He seemingly concludes that because "the record as a whole does not establish that the claimant's carpal tunnel syndrome impairment is severe" that is sufficient to discount the limitations to reaching, handling, and fingering. AR at 1343. But Dr. Leinenbach based this opinion on Plaintiff's cervical spine conditions as well. As neither the stooping nor handling limitations are accounted for in the RFC, this error was harmful.

> c.      Greg Saue, M.D.

Plaintiff lastly argues that the ALJ erred in accepting most of the reviewing opinion of Dr. Saue. (Dkt. # 17 at 11.) While an ALJ must explain why he rejects medical opinion evidence, no such requirement exists where the ALJ accepts medical opinion evidence. *See* 20 C.F.R.

ORDER - 10

§ 416.927; *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (explaining that the ALJ is not required to provide clear and convincing reasons where the ALJ is not rejecting medical opinion evidence); *cf.* Social Security Ruling 96-8p (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Nonetheless, the Court agrees that the ALJ did not provide adequate explanation for discounting Dr. Saue's opinion that Plaintiff could only occasionally push and/or pull with the left upper extremity. AR at 1340. Stating that Plaintiff's shoulder limitation is "adequately addressed in the limitation regarding overhead reaching, based on the record as a whole" is insufficient to discount a medical opinion from an accepted medical source under the regulations which apply to this case. *See id.* at 1340. Accordingly, the ALJ erred in discounting the push/pull limitation.

        *3.*     *The ALJ Did Not Err in Evaluating the Other Medical Evidence*

Plaintiff dedicates several pages to listing medical findings, asserting they support her alleged limitations. (Dkt. # 17 at 6-11.) This argument, which is merely a summary of facts without any supporting analysis or reference to case law, does not establish harmful error. *Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022). And, in fact, it runs in direct contravention of this Court's scheduling order. (Dkt. # 12 at 2); *see also Joseph L.S.C. v. Comm'r of Soc. Sec.*, 2024 WL 4471778, at *4 (W.D. Wash. May 22, 2024) (warning the same counsel as in the current case that his failure to adequately develop arguments may prejudice his clients and listing other cases where he was previously admonished). Bare assertions and lists of facts, without analysis, do not meet the requirement that Plaintiff present her contentions and reasons with specificity. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). "[A] bare

assertion of an issue does not preserve a claim." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).

### C.    The ALJ Erred in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

At the most recent hearing, Plaintiff testified that she has not worked since 2009 because she has "been going to doctors." AR at 1365. The pain in her neck radiates down her shoulder and to her hand. *Id.* at 1365-66. She does not receive treatment for any mental health conditions, *id.* at 1366, and does not want to go to a counselor because she does not want to think or talk about what happened to her as a child. *Id.* at 1372-73. Lying down comfortably is a struggle, as is holding up her neck when sitting in a chair due to pressure. *Id.* at 1359, 1373. Writing is difficult because her hand gets shaky, and she never reads books because "when I come across a big word it makes everything not make any sense because I can't read the big word." *Id.* at 1371. She has gotten migraines since the car accident, typically four a week which she treats with Tylenol and lying in a dark room. *Id.* at 1371-72. She spends most of her time lying down and watching movies "because that's the only way to relax the pain." *Id.* at 1372-73. For hobbies she gardens and builds model cars. *Id.* at 1366-68.

The ALJ listed medical evidence which he found supported the RFC of Plaintiff's physical capabilities but failed to explain how this evidence contradicts Plaintiff's testimony. *See*

ORDER - 12

AR at 1338 ("But the undersigned finds that no greater limitations are established in the treatment record because, with few exceptions associated with physical therapy, clinical exams consistently revealed normal gait and normal strength."). Plaintiff testified to difficulty sitting, bending her neck, and with weekly headaches. It is unclear how normal gait and strength contradict this testimony.

Regarding Plaintiff's mental health limitations, the ALJ's reasoning is not clear and convincing. The ALJ found Plaintiff's testimony of difficulty reading was contradicted by her hobby of building model cars. AR at 1339. But the ALJ's finding that constructing model cars "involves following a written plan or illustrations" is not based on the record or hearing testimony. *Id.*; *see also Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ erred by consulting materials outside of the record when evaluating a claimant's health). Plaintiff told providers she learned the activity from her grandfather, and at the hearing stated she glues them together. AR at 600, 1367. The ALJ did not ask follow-up questions about how or if she follows instructions to put them together and what types of instructions are used. Accordingly, this was not an appropriate basis to discount Plaintiff's testimony that she struggles to understand what she reads. Nor does the cited consultive exam, which showed Plaintiff was able to complete serial subtractions "albeit painstakingly slow[ly] and using her fingers," contradict her testimony of struggling to understand. *See id.* at 1338.

**D.    The ALJ Did not Err in Evaluating Lay Witness Evidence**

Plaintiff argues that the ALJ erred in his evaluation of evidence from social worker Marilyn Meldrich and Plaintiff's mother, S.M. (Dkt. # 17 at 16-17.) Under the regulations applicable to this case, an ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

ORDER - 13

The ALJ considered Ms. Maldrich's testimony and found that her opined limitations due to poor memory and pain were accounted for in the RFC. AR at 1345. Plaintiff does not show error in this reasoning. The ALJ discounted S.M.'s statements "for the same reasons addressed with the claimant's testimony." *Id.* at 1344. As discussed above, however, the ALJ erred in discounting Plaintiff's testimony. The ALJ's error in reasoning carries forward to the ALJ's discounting of S.M.'s statements and the error is harmful as the RFC does not incorporate related limitations.

### E.  Remand for Benefits is the Appropriate Remedy

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits: (1) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be fully developed, leaving no useful purpose for further administrative proceedings; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all three prongs of the test are satisfied, the Court has flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

In this case, all three prongs of the *Garrison* test are satisfied. As explained above, ALJ failed to provide legally sufficient reasons for rejecting the evidence. The record is comprehensive, including twelve years of medical records with a variety of providers including her primary care and physical therapists. *See* AR at 371, 716, 408, 1681. It also includes

ORDER - 14

Plaintiff's testimony from three hearings, and a function report she completed. *Id.* at 70-81, 85-131, 264-72, 890-919, 1360-86. The vocational experts ("VE") at all three hearings were asked hypotheticals about the capabilities of an individual with the same physical and mental limitations opined by the improperly discounted doctors and testified that Plaintiff would be precluded from competitive employment. *Id.* at 126-30, 910-19, 1378-83.

Contrary to the Commissioner's argument, there are no outstanding issues to resolve. The Commissioner argues against awarding benefits due to conflicting medical opinions and the perceived unreliability of Plaintiff's reporting. (Dkt. # 18 at 15.) The ALJ erred, under regulations applicable to Plaintiff's claim, in giving great weight to non-examining reviewing doctors, unacceptable medical sources, and little weight to examining doctors. *See* AR at 1340-44. On the first appeal this Court found that the ALJ had not adequately accounted for the opinion of Dr. van Dam, Plaintiff's testimony, and the lay witness evidence. *Id.* at 953. The ALJ then repeated these same errors.

The final credit-as-true factor is also satisfied. The ALJ erred in evaluating Plaintiff's subjective symptom testimony and the opinions of her examining doctors. If credited as true, these opinions establish that Plaintiff was disabled because the VE testified that someone with the limitations established by the examining doctors could not work.

Nor is there any serious doubt based on the record as a whole that Plaintiff is in fact disabled. *See Garrison*, 759 F.3d at 1021. Both her physical and mental health conditions are documented throughout the record, and the treatment notes consistently show she was suffering from pain and mental functioning issues. *See, e.g.*, AR at 383 ("Reason(s) for today's visit 1. back pain"), 391 ("Location of pain is upper back. Pain is radiated to the left arm and both shoulders."), 405 ("Back pain (Location, Thoracic spine. The severity is described as moderate.

ORDER - 15

Associated symptoms include paresthesias and when arms raised. Status: unchanged. This has been occurring for 4 year(s).)"), 450 ("Patient Plan Unable to read directions or remember directions"), 465 (same), 794 (same).

In addition, the "exceptional facts" of this case strongly favor remand for immediate payment of benefits. *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). Plaintiff applied for benefits nearly ten years ago, asserting a disability stemming from multiple impairments, the car accident which prompted her application occurred over sixteen years ago, and her multiple impairments have ample corroboration from the longitudinal record. The ALJ's decision is rife with errors. He found that Plaintiff's PTSD was both a severe impairment and not a medically determinable impairment. AR at 1331. He erroneously stated Dr. Dant's report was "not in the record," indicating an abdication of his duty to examine the entire medical record. *Id.* at 1341. The record is complete and the ALJ has already had three opportunities to evaluate Plaintiff's claims.

"The Commissioner is not entitled to repeatedly bounce a case back and forth between the different levels of reviewing tribunals until he eventually applies the proper legal standards to Plaintiff's claims; fairness demands an expeditious review process." *Davis v. Saul*, 2020 WL 3060415, at *5 (N.D. Cal. June 9, 2020). Under these circumstances, granting the Commissioner a fourth opportunity to meet his burden would perpetuate the very "heads we win; tails, let's play again" disability benefits system that the Ninth Circuit has consistently warned against. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). "[F]urther delays at this point would be unduly burdensome." *Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017).

In sum, the Court finds no justification to exercise its discretion to mandate yet another hearing. The evidence supports an immediate award of benefits. Thus, the proper remedy is a

remand for an immediate award, ensuring that Plaintiff receives the benefits to which she is entitled without further unnecessary delay.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits under sentence four of 42 U.S.C. § 405(g)

Dated this 17th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 17